IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN LEE MUMMA,** | : | **CIVIL NO. 1:05-CV-1608** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **BURTON & NEIL ASSOCIATES, P.C.,** | : | |
| **Defendant** | : | |

## MEMORANDUM and ORDER

Before the court is Defendant Burton & Neil Associates, P.C.'s motion for summary judgment. (Doc. 13.) Defendant has also filed a statement of material facts (Doc. 14) and a brief in support of said motion (Doc. 15). Plaintiff has not filed a brief opposing Defendant's motion within the fifteen day period allotted by the Middle District's Local Rule 7.6. Thus, the court will deem Defendant's motion for summary judgment to be unopposed.[1]

Rule 56.1 of the Middle District's Local Rules provides that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Plaintiff has not submitted a counter-statements of material facts; thus, all facts in Defendant's statement of material facts are deemed to be admitted by Plaintiff.

Plaintiff brought the instant action pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"). 15 U.S.C. § 1692. Plaintiff alleges that Defendant

---

[1] Rule 7.6 of the Middle District's Local Rules provides the following in relevant part "[a]ny party opposing any motion shall file a responsive brief . . . within fifteen (15) days after service of the movant's brief . . . Any respondent who fails to comply with this rule shall be deemed not to oppose such motion."

violated the FDCPA when it failed to respond to Plaintiff's requested validation and verification of a disputed credit card debt.

Defendant filed its motion for summary judgment on April 3, 2006. Defendant's motion asserts the following: 1) Plaintiff has failed to establish a genuine issue of material fact to establish a violation of the Fair Debt Collection Practices Act; 2) Plaintiff's claims are barred by the applicable statute of limitations; and 3) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine[2]. For the reasons that follow, the court finds Defendant's first argument to be convincing; therefore, the court need not address the remainder of Defendant's arguments.

Defendant, a professional corporation engaged in the practice of law, was retained by Citibank (South Dakota) N.A. to represent its interests in the recovery of a past due credit card account owed by Plaintiff. (Def.'s Statement Mat. Facts ¶ 3.) On October 18, 2002, Defendant sent a letter of initial demand regarding the credit card account to Plaintiff pursuant to 15 U.S.C.A. § 1692g. (*Id.* ¶ 4.) Plaintiff did not respond to Defendant's correspondence of October 18, 2002 to request verification of the debt within thirty (30) days as prescribed by 15 U.S.C.A. §1692g(b).[3] (*Id.* ¶ 5.) On February 10, 2003, Defendant, as counsel for Citibank filed a complaint in the Pennsylvania Court of Common Pleas. (*Id.* ¶ 6.) On April 3, 2003, Defendant received a letter from Plaintiff dated April 1, 2003, which stated, in part, that Plaintiff disputed the debt. (*Id.* ¶ 7.)

---

[2]See *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, n. 16 (1983).

[3]15 U.S.C. § 1692g(b) provides:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Defendant did not respond to Plaintiff's April 1, 2003 letter because it was received in excess of 5 months past the initial communication by Defendant, and significantly outside the thirty (30) day time period provided by 15 U.S.C.A. § 1692g(b). (*Id*. ¶ 8.) Thus according to Defendant, Plaintiff fails to establish a genuine issue of material fact as to whether Defendant violated the FDCPA. The court agrees with Defendant, and will grant its motion for summary judgment.

        **IT IS HEREBY ORDERED THAT:**

        1) Burton & Neil Associates, P.C's motion for summary judgment (Doc. 13) is **GRANTED**.

        2) The Clerk of Court shall enter judgment in favor of Defendant and against Plaintiff and close the file.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: April 24, 2006.